# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

DEREK GUYSINGER,

    Petitioner, : Case No. 2:19-cv-774

   -vs-                           Judge Sarah D. Morrison
                                    Magistrate Judge Kimberly A. Jolson
WARDEN, NOBLE CORRECTIONAL
INSTITUTION,
                                     :

    Defendant.

## OPINION AND ORDER

On November 25, 2019, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the petition for habeas corpus relief under 28 U.S.C. § 2254 be dismissed. (ECF No. 17). Petitioner filed Objections to the R&R. (ECF No. 18). Pursuant to 28 U.S.C. § 636(b), the Court has conducted a *de novo* review. For following reasons, Petitioner's Objections (ECF No. 18) are **OVERRULED**. The R&R (ECF No. 17) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Court further **DECLINES** to issue a certificate of appealability ("COA").

## ANALYSIS

In this federal habeas action, Petitioner alleges that the state appellate court applied the wrong governing law when analyzing his ineffective assistance of trial counsel claims. Specifically, he asserts that the state appellate court wrongly concluded that his claims are governed by the United States Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 668 (1984) instead of *United States v. Cronic*, 466 U.S. 648 (1984).

As explained by the Magistrate Judge, *Strickland* requires a petitioner claiming

ineffective assistance to demonstrate that counsel's performance was: 1) deficient, and that, 2) the petitioner suffered prejudice as a result. 466 U.S. at 687. Also explained by the Magistrate Judge, in *Cronic,* the Supreme Court identified three egregious circumstances where prejudice can be presumed: 1) when a defendant is denied the presence of counsel during a critical stage of the proceedings, such as an arraignment; 2) when "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing;" and, 3) when counsel is called upon to render assistance under circumstances where even competent counsel very likely could not provide effective assistance. 466 U.S. at 659–660. The Magistrate Judge determined that the state appellate court reasonably concluded that Petitioner's ineffective assistance claims do not fit within the second *Cronic* scenario because trial counsel did not entirely fail to subject the prosecution's case to meaningful testing— the state appellate court explained that counsel had actively represented Petitioner by engaging in discovery and pre-trial motion practice and was present and participated in trial.

Petitioner objects to this determination. He asserts that the Magistrate Judge wrongly determined that the second *Cronic* scenario is only implicated when counsel completely fails to engage in the entire adversarial process. (ECF No. 18, at PAGE ID # 393). He argues that the second *Cronic* scenario is instead implicated when counsel's performance is of such low quality that it no longer tests the prosecution's case in a meaningful way. However, as the Magistrate Judge explained, the plain language of *Cronic* indicates that the second scenario refers to instances where there is an *entire* failure of representation. 466 U.S. at 659. Moreover, the discussion of the second circumstance in *Cronic* is dictum because it was a case that fits within the third scenario. As the Magistrate Judge noted, the controlling Supreme Court case is *Bell v. Cone*, 535 U.S. 685 (2002), a case that actually falls within the second *Cronic* scenario and

makes clear that the second scenario is implicated only when counsel's failure is total. Indeed, the Supreme Court explained in *Bell* that "[w]hen we spoke in *Cronic* of the possibility of presuming prejudice based on an attorney's failure to test the prosecutor's case, we indicated that an attorney's failure must be *complete*." *Id*. at 696–97 (emphasis added); *see also Moss v. Hofbauer*, 286 F.3d 851, 861 (6th Cir. 2002) (noting that the Sixth Circuit has "applied *Cronic* only where the constructive denial of counsel . . . is imminently clear"); *Benge v. Johnson*, 474 F.3d 236, 247 (6th Cir. 2007) (explaining that the *Cronic* presumption "applies only where defense counsel *completely* or *entirely* fails to oppose the prosecution throughout the guilt or penalty phase *as a whole*"). The Magistrate Judge determined that because Petitioner does not allege a complete failure of representation but instead complains only about the adequacy of specific pieces of advocacy, the state appellate court reasonably concluded that his ineffective assistance claims were not governed by *Cronic*. The Court agrees. This objection is without merit.

The Magistrate Judge also correctly determined that it was reasonable for the state appellate court to conclude that Petitioner's ineffective assistance claims failed under *Strickland*. The Magistrate Judge found that the state appellate court reasonably concluded that Petitioner's counsel did not perform deficiently by doing a limited cross-examination of the child victim of sex abuse. Petitioner objects because the state appellate court explicitly acknowledged that counsel's cross-examination of the victim was limited. (ECF No. 18, at PAGE ID # 399–400). Acknowledging that a cross-examination was limited is not, however, tantamount to acknowledging that it was deficient. As the Magistrate Judge explained, the state appellate court reasonably concluded that counsel's limited cross might have constituted a sound trial strategy given the victim's young age and the sensitive nature of the case. This objection is without merit.

The Magistrate Judge also determined that it was reasonable for the state appellate court to find that Petitioner's counsel did not perform deficiently when cross-examining the state's expert witness. The record supported the state appellate court's conclusion that counsel crossed the state's expert extensively and that the cross-examination elicited helpful testimony. Petitioner objects because he claims that cross-examination only produced information that he characterizes as damaging. (ECF No. 18, at PAGE ID # 400). However, the record does not support that reading. As the Magistrate Judge noted, counsel's questions prompted the expert to testify that although it was possible that the victim's vaginal scar was caused by a traumatic accident, he could not determine what caused her injury, and he could not determine when the injury was sustained, only that it was at least two weeks old, thus leading to the inference that it could have been caused after the victim no longer lived with Petitioner. (*Trial Transcript*, ECF No. 8, at PAGE ID # 254–55, 256–58). This objection is without merit.

The Magistrate Judge also correctly found that the state trial court reasonably concluded counsel's cross-examinations of the two witnesses were not prejudicial given that Petitioner only speculated that more thorough cross-examinations might have produced helpful testimony. Petitioner objects to this conclusion. He asserts that he cannot be faulted for engaging in such speculation given that the Ohio Court of Appeals speculated about trial counsel's motives for conducting a limited cross-examination of the child victim. That assertion is incorrect.

The deficiency inquiry under *Strickland* is an objective one. An attorney's performance is deficient only if "no competent attorney" would have taken the action that counsel took. *Premo v. Moore*, 562 U.S. 115, 124 (2011) (noting that the "relevant question under *Strickland*" is that "no competent attorney" would have taken counsel's action). When performing that assessment, a reviewing court is "required not simply to give [the] attorneys the benefit of the doubt, . . . but

to affirmatively entertain the range of possible reasons . . . counsel may have had for proceeding as they did." *Cullen v. Pinholster*, 563 U.S. 170, 196 (2011) (internal citations and quotations omitted); *see also Harrington v. Richter*, 562 U.S. 86, 110 (2011) (explaining that *Strickland*'s performance prong "calls for an inquiry into the objective reasonableness of counsel's performance, not counsel's subjective state of mind"). The Magistrate Judge correctly determined that the state appellate court reasonably concluded that counsel's representation did not fall below an objective standard of reasonableness even though it was not privy to counsel's subjective motives. The state appellate court identified strategic reasons that could have motivated the limited cross-examination of the child victim (i.e., her age and the nature of the case) and Petitioner failed to demonstrate that no competent attorney would have taken the same action. *See United States v. Fortson*, 194 F.3d 730, 736 (6th Cir. 1999) (determining—without district court findings or an evidentiary hearing—that defendant failed to overcome the presumption that counsel performed effectively because the court "[could] conceive of numerous reasonable strategic motives" for counsel's actions at trial). This objection is meritless.

Petitioner also objects because "the Magistrate Judge found trial counsel's closing argument reasonable." (ECF No. 18, at PAGE ID # 401). The Magistrate Judge did not, however, make such a finding. Rather, the Magistrate Judge determined that even assuming *arguendo* that counsel's closing was deficient, the state appellate court reasonably concluded that the closing was not prejudicial. (ECF No. 17, at PAGE ID # 385–86). As the Magistrate Judge explained, the state appellate court reasonably concluded that Petitioner's speculation about the impact of a more detailed closing did not demonstrate a reasonable probability of a different outcome because the evidence presented at trial supported the jury's verdict. The trial transcripts support that determination. This objection is without merit.

Finally, Petitioner asks the Court to reconsider the Magistrate Judge's denial of his motion for leave to depose his former counsel and the production of former counsel's legal file. (ECF No. 12). Petitioner invokes Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 6") which provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure[.]" He contends that he can meet this good cause standard because "the Ohio Court of Appeals and the Magistrate Judge repeatedly speculated on the 'strategic' and 'tactical' reasons for performance of trial counsel" and he therefore needs discovery to ferret out former counsel's actual motives. (ECF No. 18, at PAGE ID # 403). This assertion is not well taken.

As already noted, the deficiency inquiry is objective. For that reason, a reviewing court need not determine the actual explanation for counsel's conduct so long as the conduct falls within the range of reasonable representation. *See Harrington*, 562 U.S. at 110 ("*Strickland* . . . calls for an inquiry into the objective reasonableness of counsel's performance, not counsel's subjective state of mind."). In this case, the state trial court evaluated counsel's performance and noted various tactical reasons that could have supported trial counsel's performance, and thus, counsel's performance fell within the permissible scope of trial strategy. Discovery of trial counsel's subjective motives would not undermine that evaluation. *See Allen v. Sec'y Florida Dep't of Corr.*, 611 F.3d 740, 759 n.10 (11th Cir. 2010) ("[Petitioner] argues that he is entitled to an evidentiary hearing into the reasons his counsel did not present [a witness]. The adequacy of an attorney's performance, however, is an objective inquiry. . . . An evidentiary hearing into counsel's *subjective* intent would be pointless because it could not alter our conclusion that his strategy was *objectively* reasonable."). Accordingly, Petitioner cannot demonstrate good cause

for the requested discovery.[1] The Court will not disturb the Magistrate Judge's decision denying Petitioner's discovery motion.

## CONCLUSION

For all these reasons, the Court concludes that Petitioner's Objections are without merit.

## CERTIFICATIONS

Petitioner also seeks a COA. A state prisoner who seeks a writ of habeas corpus in federal court does not have an automatic right to appeal a district court's adverse decision unless the court issues a COA. 28 U.S.C. § 2253(c). When a claim has been denied on the merits, a COA may be issued only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a COA may be issued if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

---

[1] The Magistrate Judge determined that Petitioner's discovery request was also circumscribed by the holding in *Pinholster*, which provides that a federal court's habeas review of a state court's merits determination is limited to the factual record that was before the state court. 563 U.S. at 185. For all the reasons detailed in the R&R, the Court agrees that in light of *Pinholster*, Petitioner cannot demonstrate good cause to discover unusable evidence. Nevertheless, the Court finds that even absent *Pinholster*, Petitioner has not shown good cause for the Court to authorize the requested discovery.

7

The Court finds that reasonable jurists could not debate whether the state appellate court reasonably concluded that Petitioner's ineffective assistance claims are governed by *Strickland* and that they failed under that governing standard. Petitioner's request for a COA is **DENIED**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
SARAH D. MORRISON
UNITED STATES DISTRICT JUDGE